### D. L. WHITE v. AMERICAN PEANUT COMPANY.

(Filed 18 March, 1914.)

1. **Courts, Justice of the Peace—Appeal—Trial de Novo—Scope.**

   An appeal from a court of a justice of the peace comprehends in its scope a new trial of the whole subject-matter of the action (Revisal, secs. 607, 608, and 609), and any determination by the magistrate of an incidental question involved therein, though not directly appealed from, is, when relevant and necessary, to be considered and determined by the appellate court.

2. **Same — Special Appearance — Process — Service—Corporation—Agent.**

   The trial judge should find the facts upon which he, upon special appearance of the defendant for the purpose, dismisses an action for the want of proper service of process; and when it appears on appeal that the action commenced in a magistrate's court, and service of process had been attempted upon the alleged agent of a corporation and upon the Secretary of State (Revisal, sec. 1243), and the judgment of the magistrate was that service on the Secretary of State was a valid service and that on the agent was insufficient, which latter ruling was reversed in the Superior Court, it was error in the trial judge to refuse to hear and consider the affidavit tending to show a valid service on the agent, as that was a question also presented and involved in the appeal.

APPEAL by plaintiff from *Peebles, J.,* at November Term, 1913, of BERTIE.

WHITE *v.* PEANUT CO.

Civil action, heard on appeal from justice's court, and on motion to dismiss for lack of proper service of process made on special appearance in the Superior Court.

There .was judgment dismissing the action on ground stated, and plaintiff, having duly excepted, appealed. .

*Winston & Matthews for plaintiff.*

*Gilliam & Davenport, Murray Allen, and W. D. Pruden for defendant.*

HOKE, J. The action was instituted before a justice of the peace to recover a sum within his jurisdiction alleged to be due for a lot of peanuts sold by plaintiff to defendant company, through one J. E. Overton, their agent. Service was had on defendant, through said Overton as agent, and, on return day, defendant, having entered special appearance for the purpose, moved to dismiss on the ground that no jurisdiction of the cause could be obtained by such service. Hearing was continued and an additional summons in cause was issued and attempted service had under provisions of the Revisal, 1243, by leaving copy of the summons with Secretary of State.

On return day, 18 July, 1913, defendant, on special appearance, moved to dismiss for lack of proper service on Secretary of State.

The justice sustained motion to vacate as to service on Overton, and being of opinion that there was valid service under section 1243, overruled motion as to that process; tried the case, giving judgment for plaintiff; and defendant appealed. .

On the hearing in Superior Court and on special appearance made, his Honor was of opinion that plaintiff not having appealed from the ruling of the justice in reference to the attempted service on Overton, the agent, was concluded by such action of the justice's court, and it was not open to him to have same considered, and, on that ground, declined to hear or consider any evidence or affidavits in reference to such service. Plaintiff duly excepted.

Considering the case, then, in reference only to the attempted service on Secretary of State, his Honor, holding that the court

had acquired no jurisdiction to try the cause by reason of such service, dismissed the action, and plaintiff, having duly excepted, appealed.

On these the relevant facts sufficient to a proper understanding of the question presented, we must hold there was error in the ruling of his Honor in refusing to hear the evidence as to service of process on Overton, the agent, and to consider that phase of the case.

Our statute in reference to appeals from a justice of the peace, among other things, provides that, on such appeal, "the case shall be placed on the trial docket for a new trial of the whole matter," and the case should be heard on the original papers, and no copy need be furnished, etc. Revisal, secs. 607, 608, 609.

This law, by correct interpretation, requires that, on the hearing, every material matter properly incident to the cause then pending and involved in the appeal shall be heard and passed upon. In the present case the substantial question presented before the justice and involved in the appeal was whether that court had acquired jurisdiction to try the case. The justice held that he had jurisdiction; tried cause, and gave judgment in plaintiff's favor. On appeal, the same general question was presented, whether the court had acquired jurisdiction, and every method involved in that general issue and presented by the record was pertinent, and should have been considered in determining the main question.

While the entry of the justice in this respect took the form of setting aside service on Overton, having retained jurisdiction and tried the cause against the company, it amounted to no more than an expression of the justice's opinion as to the efficacy of such a service.

These justices of the peace, while they do valuable and satisfactory work in the adjustment of causes within their jurisdiction, are often called on to act without expert advice, and, in matters of form, it would give rise to endless complications and seriously tend to impair their usefulness to hold that every ad-

CARSON v. INSURANCE CO.

verse ruling made by them and the reasons for it would estop the party affected unless he then and there excepted and appealed. It is for this reason that our statutes governing appeals from these courts are very broad and liberal in their provisions and should be properly construed and applied in furtherance of the legislative purpose.

It has been held that, in dismissing a cause on special appearance of this character, it is proper for the judge to find the facts, and his Honor having erroneously declined to hear pertinent evidence and to consider and pass upon facts that were relevant to the inquiry, the imperfect finding of facts as made by him, and his judgment thereon, will be set aside and the cause remanded for further hearing.

Reversed.